IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEREMY LYNN PHILLIPS | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv173 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Jeremy Lynn Phillips, proceeding *pro se*, filed this motion to vacate, set aside or correct Sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On April 5, 2018, pursuant to a plea of guilty, movant was convicted of possessing with the intent to distribute more than 50 grams of methamphetamine. He was sentenced to 160 months of imprisonment. A direct appeal was not filed.

Analysis

For the reasons set forth below, this motion to vacate is barred by the applicable statute of limitations.

There is a one year statute of limitations for motions to vacate. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to filing created by unconstitutional governmental action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to case on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through due diligence. *Id*.

Movant's Judgement was entered on August 2, 2018. As no appeal was filed, his conviction became final, 14 days later, on August 16, 2018, when the time period for filing a notice of appeal

was expired.  The period of limitations expired one year later, on August 16, 2019.  As this motion to vacate is dated February 25, 2023, the motion was filed after the period of limitations expired.[1]

Movant does attempt to invoke the doctrine of equitable tolling.  He states he is learning disabled and is mildly dyslexic.  Movant also states he is unable to read.

To establish entitlement to equitable tolling, a movant must "sho[w] (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, (2010).  Such a circumstance exists where, for example, the movant was misled by government about the cause of action or was otherwise prevented in some extraordinary fashion from exerting his rights.  *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Movant seeks equitable tolling based on learning disabilities, dyslexia and an inability to read.  However, the United States Court of Appeals for the Fifth Circuit, as well as other courts of appeal, have held that dyslexia and learning disabilities, without a greater explanation of their effect on a movant, do not qualify as extraordinary circumstances warranting equitable tolling.  *Shank v. Vannoy*, 2017 WL 6029846 at *2 (5th Cir. 2017); *Hemenway v. Washington*, 409 F. App'x 93, 94 (9th Cir. 2010); *Springer v. Benik*, 134 F. App'x 961, 963 (7th Cir. 2005).  Moreover, illiteracy does not provide a basis for equitable tolling.  *Turner v. Johnson*, 309, 392 (5th Cir. 1999).

As explained above, this motion to vacate was filed after the applicable period of limitations expired.  In addition, movant is not entitled to equitable tolling.  This motion to vacate should therefore be dismissed.

## Recommendation

This motion to vacate, set aside or correct sentence should be dismissed as barred by the applicable statute of limitations.

---

[1] Movant's grounds for review are not based on a retroactively applicable Supreme Court decision or a factual predicate that could not have been discovered earlier through due diligence.  Nor does movant assert there was an unconstitutional governmental impediment to his filing a motion to vacate earlier.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 6th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge